# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: McGee, David Eugene  Case No.: 25-42161

Debtor(s).  Chapter 13 Case

**NOTICE OF HEARING AND MOTION TO IMPOSE THE AUTOMATIC STAY PURSUANT TO 11 § U.S.C. 362(c)(4)**

To: The debtor, trustee, United States Trustee, this Honorable Court, and all other entities specified in the Local Rules:

1. The debtor in the above case, through his counsel, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion at 10:00 a.m. on Wednesday, August 6, 2025, in Courtroom 8 West, 300 South 4th St, Minneapolis, MN 55415 before the Honorable Katherine A Constantine.

3. Any response to this Application must be filed and served no later than Wednesday, July 30, 2025, which is seven days before the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 13 case was filed on 07/02/2025. It is still pending in this Court.

5. This motion arises under 11 U.S.C. §§ 362(c)(4)(B). This motion is filed under Fed. R. Bankr. P. 9013 and Local Rules 9013-1, 9013-2, and 9013-3.

6. Movant requests relief with respect to imposing the automatic stay provided in 11 U.S.C. § 362(c)(4)(B).

7. In the 12 months prior to the filing of this case, the Debtor(s) had two (2) prior bankruptcy cases that were dismissed:

    a. Case No. 24-42920, Chapter 7 filed in Minnesota Bankruptcy Court on 10/25/2024, Dismissed under 521(i) on 11/26/2024

    b. Case No. 25-41398, Chapter 13 filed in Minnesota Bankruptcy Court on 04/30/2025, Dismissed for Other Reason on 06/17/2025

8. As such, pursuant to 11 U.S.C. § 362(c)(4)(A)(i), the automatic stay did not go into effect upon filing of the current case.

9. The debtor requests relief from this Court, that it may impose the automatic stay under 11 U.S.C. § 362(c)(4)(B), finding that this case was filed in good faith as to all creditors.

WHEREFORE, the debtor respectfully requests this Court grant an order imposing the automatic stay as to all creditors.

Dated: 07/17/2025

s/ Christopher J. Schoenbauer
Walker & Walker Law Offices, PLLC
Andrew C. Walker #392525
Christopher J. Schoenbauer #033070X
4356 Nicollet Avenue South
Minneapolis, MN 55409
T: (612) 824-4357
christophers@bankruptcytruth.com

Attorneys for Debtor(s).

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: McGee, David Eugene                                     Case No.: 25-42161

Debtor(s).                                                     Chapter 13 Case

## VERIFICATION

I, David Eugene McGee, the undersigned movant and debtor, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:                        *David McGee*

                              David Eugene McGee

Zoho Sign Document ID: 2CB9E7EC-2-HVUBBVZ4UDUJKUR6EPYGHXSVOBSBXWU8E_IZRPLI8

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: McGee, David Eugene						Case No.: 25-42161

Debtor(s).								Chapter 13 Case

**PROPOSED ORDER**

This matter came before the Court on the motion of the debtor to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4). Based on the contents of the motion, the file, the record, and the proceedings herein—

**IT IS ORDERED:**

Subject to the exceptions provided in 11 U.S.C. § 362(b), the automatic stay of 11 U.S.C. § 362(a) is imposed as to all creditors until terminated under 11 U.S.C. § 362(c) or by further order of the Court.

**BY THE COURT:**

Dated:

Katherine A. Constantine
United States Bankruptcy Judge

Zoho Sign Document ID: 2CB9E7EC-2-HVUBBVZ4UDUJKUR6EPYGHXSVOBSBXWU8E_IZRPLI8

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: McGee, David Eugene Case No.: 25-42161

Debtor(s). Chapter 13 Case

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO IMPOSE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(4)**

Debtor(s) submits this memorandum of law and facts in support of the motion to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B).

## FACTS

The debtor initially filed for Chapter 7 relief on October 25, 2024. The debtor filed his case Pro Se without understanding the required documents under 11 U.S.C. § 521(i) and his case was subsequently dismissed on November 26, 2024. The debtor then filed for Chapter 13 relief on April 30, 2025. The debtor filed his case Pro Se without understanding the required documents or how to get a plan confirmed, so he did hire an attorney but quickly had a falling out with that attorney and his case was subsequently dismissed on June 17, 2025. The debtor filed this new Chapter 13 case on July 2, 2025.

After filing his initial Chapter 13 Pro Se, the debtor realized that he did not understand the documents he needed to file or have an understanding of what he needed to do to get his case confirmed and then hired an attorney to see the case through. However, the debtor had a falling out with that attorney and had his case dismissed.

The debtor is filing this case in good faith. He has since obtained new legal counsel and now understands how to be successful in a Chapter 13 case and has the means necessary for this to be a successful Chapter 13 case. The debtor has steady income from employment and a feasible and confirm-able Chapter 13 plan.

## LAW

Pursuant to 11 U.S.C § 362(c)(4)(B) the Court may impose the automatic stay upon motion if the debtor demonstrates the current case is filed in good faith. Upon notice and hearing, the court may impose the stay to any or all creditors if the party bringing the motion demonstrates that the filing of the later case was in good faith as to the creditors to be stayed.

The Court in In re Elliot-Cook delved into this issue particularly in the Chapter 13 context. In Chapter 13 cases the two primary areas of inquiry are "1) what are the reasons why the debtor's previous plan failed, and 2) what has changed in the debtor's circumstances so that the present plan is likely to be successful." In re Elliott-Cook, 357 B.R. 811, 815 (Bankr. N.D. Cal. 2006). In the present case, there was no bad faith, but rather a lack of understanding on how to be successful in obtaining debt relief. The debtor was in need of counsel to be successful in each of the prior filings. There has been a substantial change in the debtor's circumstance as he now has adequate representation and seeks protection through bankruptcy. Debtors that can show a change in circumstances and reasons for success going forward in the present case are seen as likely to rebut the presumption of bad faith from the repeat filings. In re Riedy, 517 B.R. 88 (Bankr. W.D. Mich. 2014).

It is the debtor's burden to rebut the presumption of bad faith and show by clear and convincing evidence that he filed the case in good faith. In re Morales, 366 B.B. 919, 921 (Bankr. D. Neb. 2007). The likelihood that debotor's plan will succeed is the most important factor in determining good faith Id. At 922. Here, the debtor has steady income from employment and a feasible and confirm-able Chapter 13 plan.

The debtor believes he will be able to maintain the Chapter 13 plan payments as they are outlined in his plan. The debtor filed this case on July 2, 2025. The request for relief falls within the 30 day statutory time frame. Since the motion requests an imposition of the automatic stay as to all creditors, all creditors and other parties in interest have been served with Notice of Hearing and Motion, which is accompanied by this Memorandum.

                                              Respectfully Submitted,

Dated: 07/17/2025                             s/ Christopher Schoenbauer

Walker & Walker Law Offices, PLLC
Andrew C. Walker #392525
Christopher J. Schoenbauer #033070X
4356 Nicollet Avenue South
Minneapolis, MN 55409
T: (612) 824-4357
christophers@bankruptcytruth.com
Attorneys for Debtor(s).

Zoho Sign Document ID: 2CB9E7EC-2-HVUBBVZ4UDUJKUR6EPYGHXSVOBSBXWU8E_IZRPLI8

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: McGee, David Eugene | Case No.: 25-42161 |
| Debtor(s). | Chapter 13 Case |

### UNSWORN CERTIFICATE OF SERVICE

I, Christopher Schoenbauer, declare under the penalty of perjury that on July 17, 2025, I mailed copies of the foregoing Notice of Hearing and Motion, the Verification, Proposed Order, and Memorandum of Law and Facts by first class mail postage prepaid or electronically through CM/ECF to each entity named below at the address stated below for each entity:

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burrell
Chapter 13 Trustee
100 South 5th St, Suite 480
Minneapolis, MN 55402

and to all the creditors on the attached list.

Dated: 07/17/2025                                   s/ Christopher Schoenbauer

                                                                                  _____
                                                                                  Christopher Schoenbauer
                                                                                  Attorney Bar. No.: 033070X
                                                                                  4355 Nicollet Avenue South
                                                                                  Minneapolis, MN 55409
                                                                                  T: (612) 824-4357
                                                                                  christophers@bankruptcytruth.com
                                                                                  Attorneys for Debtor(s).

Zoho Sign Document ID: 2CB9E7EC-2-HVUBBVZ4UDUJKUR6EPYGHXSVOBSBXWU8E_IZRPLI8

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0864-4<br>Case 25-42161<br>District of Minnesota<br>Minneapolis<br>Thu Jul 17 09:34:56 CDT 2025 | Minneapolis<br>301 Diana E. Murphy U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415-1320 | Affirm<br>633 Folsom St Fl 7<br>San Francisco, CA 94107-3618 |
| (p)CENTERPOINT ENERGY<br>PO BOX 1700<br>HOUSTON TX 77251-1700 | City of Brooklyn Center<br>Attn: Billing Water<br>6301 Shingle Creek Pkwy<br>Brooklyn Ctr, MN 55430-2199 | Dept of Ed/Nelnet<br>PO Box 82561<br>Lincoln, NE 68501-2561 |
| Edfin Services/U.S. Dept of Education<br>120 N Seven Oaks Dr<br>Knoxville, TN 37922-2359 | First Premier Bank<br>Po Box 5524<br>Sioux Falls, SD 57117-5524 | HCMC<br>730 South 8th Street<br>Minneapolis, MN 55404 |
| Health Partners<br>PO Box 244<br>Minneapolis, MN 55440-0244 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | JPMorgan Chase Bank<br>National Bankruptcy Department<br>PO Box 29505<br>Phoenix, AZ 85038-9505 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MN Dept of Employment & Economic<br>180 5th St E Ste 1200<br>Saint Paul, MN 55101-1664 | (p)MAYO CLINIC<br>200 FIRST STREET SW<br>ROCHESTER MN 55905-0002 |
| Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 | Minnesota Department of Employment and Econo<br>180 5th St E Ste 1200<br>Saint Paul, MN 55101-1664 | Minnesota Department of Revenue<br>551 Bkcy Section<br>PO Box 64447<br>St Paul, MN 55164-0447 |
| Park Nicollet<br>Attn Customer Service<br>3800 Park Nicollet Blvd<br>St Louis Park, MN 55416-2527 | Regions Hospital<br>640 Jackson Street<br>Saint Paul, MN 55101-2595 | Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Twin Cities Habitat for Humanity<br>1954 University Ave W<br>Saint Paul, MN 55104-3426 | U.S Department of Education c/o Nelnet<br>121 SOUTH 13TH STREET<br>LINCOLN, NE 68508-1904 | (p)U S BANK<br>4801 FREDERICA STREET<br>OWENSBORO KY 42301-7441 |
| US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 | United States Trustee<br>300 S 4th St Ste 1015<br>Minneapolis, MN 55415-3070 | Walker & Walker Law Offices, PLLC<br>4356 Nicollet Ave<br>Minneapolis, MN 55409-2033 |
| Wings Credit Union<br>14985 Glazier Ave<br>Apple Valley, MN 55124-6539 | Wings Financial<br>14985 Glazier Ave Ste 100<br>Saint Paul, MN 55124-7490 | (p)XCEL ENERGY<br>ATTN BANKUPTCY DEPARTMENT<br>414 NICOLLET MALL<br>MINNEAPOLIS 55401-1993 |

Zoho Sign Document ID: 2CB9E7EC-2-HVUBBVZ4UDUJKUR6EPYGHXSVOBSBXWU8E_IZRPLI8

| | | |
|---|---|---|
| Andrew C. Walker<br>Walker & Walker Law Offices PLLC<br>4356 Nicollet Ave S<br>Minneapolis, MN 55409-2033 | David Eugene McGee<br>5725 Emerson Ave N<br>Brooklyn Center, MN 55430-2656 | Gregory A Burrell<br>100 South Fifth Street<br>Suite 480<br>Minneapolis, MN 55402-1250 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| CenterPoint Energy<br>PO Box 1700<br>Houston, TX 77251-9857 | Mayo Clinic<br>200 1st St Sw<br>Rochester, MN 55905-0001 | US Bank Home Mortgage<br>PO Box 21948<br>Eagan, MN 55121 |

Xcel Energy
414 Nicollet Mall
Minneapolis, MN 55401-1927

End of Label Matrix
Mailable recipients    32
Bypassed recipients     0
Total                  32

Zoho Sign Document ID: 2CB9E7EC-2-HVUBBVZ4UDUJKUR6EPYGHXSVOBSBXWU8E_IZRPLI8